VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00068



| 172 North Willard Street Zoning Appeal |
| --- |

### ENTRY ORDER

Title:        Motion to Extend Scheduling Order

Filer:        Melanie Jannery and Margaret Tamulonis

Filed Date:   March 11, 2026

Opposition to Motion to Extend Scheduling Order, filed March 25, 2026, by Matthew Zidovsky, Esq., attorney for Appellant

Reply in Support of Motion to Extend Scheduling Order, filed March 23, 2026, by Melanie Jannery and Margaret Tamulonis

**The motion is GRANTED IN PART and DENIED IN PART.**

This is an appeal by Luke Purvis (Appellant) of a City of Burlington (City) Development Review Board (DRB) approval to construct a deck addition to accommodate an ADA-approved ramp at 172 North Willard Street (the Property).  On March 11, 2026, Applicants Melanie Jannery and Margaret Tamulonis (together, Applicants) filed a Motion to Extend Scheduling Order.  They seek an extension to the discovery period to provide time for Appellant to answer their second set of discovery requests.[1]  Applicants maintain that an extension of the discovery period will allow them to complete discovery and subsequently file a motion for summary judgment.  At the time their motion was filed, on March 11, Applicants requested 30 days to review and process discovery responses, and an additional 30 days to prepare for trial.  Applicants subsequently filed a reply to Appellant's response to their motion and requested an additional extension of 14 days beyond what they had originally requested, for a total extension of 74 days.

As the basis for their requests, Applicants assert that the timing of the City's responses to their first set of discovery requests, in conjunction with the death of a family member residing in Applicants' household, and medical concerns leading to the passing, delayed the discovery process.  They also

---

[1] They had concurrently moved to compel those responses.  This Court denied Applicants' motion to compel and their motion to strike questions from Appellant's Statement of Questions in an Order dated April 2, 2026.

request the Court consider Ms. Jannery's prior petitions for ADA accommodations in proceedings before this Court in rendering a decision on whether their second set of discovery requests and motion to extend the scheduling order should be considered timely.

Appellant disagrees, arguing that he had responded to Applicants' first set of discovery requests by January 14, before the onset of the events that Applicants assert delayed the discovery process. He notes that at the time his opposition was filed, on March 25, 2026, seventy days had elapsed since Applicants first received Appellant's discovery responses. Additionally, Applicants did not seek an order from the Court extending the January 5 deadline for discovery requests until their March 11 filing.[2] In Appellant's view, this means Applicants have had sufficient time to review responses to their requests, and their second set of discovery requests filed on February 18, 2026, should be considered untimely.

First, the Court extends its deepest condolences to Ms. Jannery and Ms. Tamulonis regarding the passing of their family member. Given these circumstances, in conjunction with Ms. Jannery's previous requests for ADA accommodations, the Court is willing to provide the parties extra time with respect to the date of the upcoming merits hearing, which has not yet been set. Despite this, the Court has concerns about further extending discovery for the reasons explained below.

One important factor in the Court's assessment of the pending motion is that Appellant has objected to any further extension of discovery. This objection holds great weight in the Court's considerations related to conducting this permit appeal in a manner that is fair and impartial to all parties involved.

Applicants' delay in responding to filings around the period during which they were dealing with their family medical crisis (February 7–18) is understandable and warranted. In this case, however, Appellant asserts he had provided Applicants with discovery responses by January 14, well in advance of the circumstances to which Applicants refer. Further, although Applicants were able to file a second set of discovery requests on Appellant on February 18, they did not attempt to alert the other parties or the Court to their situation until March 10 or 11.[3] Applicants provide no explanation

---

[2] The January 5, 2026 deadline was established in an Order from this Court dated December 24, 2025.

[3] On other occasions this Court extended discovery timelines at Applicants' request, they had communicated with the Court in advance of the impending deadline. They provide no explanation in this case for why they did not reach out to the Court in advance of the January 5 deadline. To be clear, the Court understands any difficulty with communication caused by the passing of a family member and recognizes those issues may have created difficulties for Applicants outside of the period from February 7 through 18. Again, however, the deadline for all discovery requests was January 5, more than a month before any mention of these issues arose. To the extent that Applicants believed that they required more information following Appellant's January 14 discovery responses, they did not request additional time for discovery on this basis in the approximately 3-week period prior to the onset of the family medical emergency.

for why they were unable to review Appellant's discovery requests prior to February 7 and request an extension of discovery if they believed that they required more information after review, other than that the City's responses to their discovery requests were provided one day after the 30-day deadline laid out in V.R.C.P. 33.

In that vein, the City is not a principal party in this case. Any delay by the City in responding to discovery requests has no bearing on the discovery process occurring between the two principal parties in this case. Put another way, Applicants were not entitled to delay sending Appellant their second set of discovery requests—the deadline for which passed more than a month before the onset of Applicants' family medical issues—because they had not yet received the City's responses to their first set of requests.

Finally, to the extent that Applicants assert that the pending motion is a reasonable accommodation under the ADA, the Court disagrees. The ADA requires public entities such as this Court to make reasonable accommodations in policies, practices, or procedures necessary to avoid discriminating on the basis of an individual's disability unless the entity can demonstrate that the modifications would "fundamentally alter" the nature of the service provided by that public entity. 28 C.F.R. § 35.130. Were the Court to grant Applicants' request with respect to discovery, it would both make their second set of discovery requests timely and provide them with additional time to file a motion for summary judgment. Appellant would then be required to respond to those requests and mount a defense to Applicants' motion for summary judgment more than three months after the deadline for submitting all discovery requests had passed. Allowing Applicants additional opportunities to discover information and make arguments not contemplated by the Civil Rules, after Appellant had reasonably relied on deadlines set by this Court and agreed to by Applicants, would represent a fundamental alteration of Court processes.

For the above reasons, Applicants' motion is **GRANTED IN PART and DENIED IN PART**. The former trial-ready date of April 9, 2026 shall be extended by 60 days to June 9, 2026. The parties shall provide their dates of unavailability in June and July for a one-day merits hearing. All other requests are denied.

Electronically signed on April 17, 2026 pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division